## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CAROLYN E. JAMES,

        Appellant,

    v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
AT-0831-16-0542-I-2

DATE: April 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carolyn E. James</u>, Jacksonville, Florida, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision by the Office of Personnel Management (OPM) finding that she was not entitled to an increased survivor annuity. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶2 Effective October 1, 1987, the appellant's late husband began receiving a disability retirement annuity under the Civil Service Retirement System (CSRS). *James v. Office of Personnel Management*, MSPB Docket No. AT-0831-16-0542-I-1, Initial Appeal File (IAF), Tab 6 at 30-32, 41-48. He later elected to receive Office of Workers' Compensation Programs benefits in lieu of a CSRS disability retirement annuity. *Id.* at 14, 49-55. Following his death in 2014, the appellant applied for a survivor annuity under CSRS. *Id.* at 17-22. In a December 22, 2015 initial decision, OPM notified the appellant that she was entitled to a monthly survivor annuity in the amount of $1,002. *Id.* at 13-15. The appellant requested

reconsideration, and, in a May 4, 2016 reconsideration decision, OPM informed her that its calculation was correct and affirmed the initial decision.  *Id.* at 6-7.

¶3 The appellant appealed OPM's reconsideration decision to the Board, arguing that OPM's calculation was incorrect.  IAF, Tab 1.  Upon the appellant's request, the administrative judge dismissed the appeal without prejudice to refiling.  IAF, Tab 12.  The appellant subsequently requested to refile the appeal, arguing again that OPM erred in calculating her survivor annuity.  *James v. Office of Personnel Management*, MSPB Docket No. AT-0831-16-0542-I-2, Refiled Appeal File (RAF), Tab 1.  In an initial decision, the administrative judge found that the appellant failed to show that OPM erred in calculating her survivor annuity and affirmed OPM's reconsideration decision.  RAF, Tab 10, Initial Decision (ID).

¶4 The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition.  Petition for Review (PFR) File, Tabs 1, 4.

¶5 An appellant bears the burden of proving her entitlement to retirement benefits by preponderant evidence.  *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii).  A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

¶6 A disability annuitant under CSRS is entitled to an annuity of at least the smaller of the following two amounts:  (1) 40% of his average pay; or (2) the amount obtained from the general formula for computing a basic annuity after increasing the annuitant's service by the time between the date of his separation and the date he becomes 60 years of age.  5 U.S.C. § 8339(g).  "Average pay" means the highest average rate of basic pay in effect over any 3 consecutive years of creditable service.  5 U.S.C. § 8331(4).  When, as here, the CSRS retiree does not elect *not* to provide a survivor annuity or to provide only a partial survivor

annuity, the surviving spouse is entitled to a survivor annuity in the amount of 55% of the retiree's annuity. 5 U.S.C. §§ 8339(j)(1), 8341(b)(1); *Cerilli v. Office of Personnel Management*, 119 M.S.P.R. 404, ¶ 5 (2013); 5 C.F.R. § 831.614; IAF, Tab 6 at 41.

¶7    Relying on the appellant's late husband's Individual Retirement Record from the Department of the Navy, OPM determined that he had the highest average pay rate for the 3-year period between December 1983 and December 1986.  IAF, Tab 6 at 29-32.  Because his pay varied within each of these years, OPM calculated his average salary over the course of this period by determining the number of days he worked at each pay rate, dividing the number of days by 360,[3] multiplying that factor by his respective pay rate for that period, adding those results together, and dividing the sum by 3 years.  *Id.*  Thus, OPM determined that the appellant's late husband's "high-3" average salary was $30,777 per year.  *Id.* at 13, 29-32.  OPM noted that 40% of the high-3 average salary was $12,310.80 and that the general formula, increased by the number of years between the appellant's late husband's separation and his 60th birthday, yielded an annual base of $11,310.53.  *Id.* at 13.  Relying on the lower amount pursuant to section 8339(g), OPM concluded that the appellant's late husband's annual disability retirement annuity, before any reduction for a survivor annuity, would have been $11,310.53.  *Id.*  OPM further explained, however, that her husband did not make a deposit for his post-1956 military service and, therefore, the credit for that period of service had to be eliminated.  *Id.*  After eliminating credit for his post-1956 military service, OPM determined that he would have been entitled to a base annual disability retirement annuity in the amount of $10,387.25.[4]  *Id.*  OPM thus found that the appellant was entitled to a base

---

[3] For retirement computation purposes, a year consists of 360 days, i.e., 12 months of 30 days.  CSRS/Federal Employees Retirement System Handbook, § 50A2.1-3(B).

[4] Absent a deposit, all military service performed after December 1956 is excluded from civilian service credit once an employee becomes eligible for Social Security old-age

survivor annuity in an amount equal to 55% of $10,387.25, which is $5,712.98 per year or $476 per month.  *Id.*  After applying the cost of living increases through December 2015, OPM determined that the appellant was entitled to a monthly survivor annuity in the amount of $1,002.  *Id.*

¶8      On review, the appellant argues that her husband was eligible to receive an annual disability retirement annuity in the amount of $11,772.19 on the date of his retirement and that, by the date of his death in 2014, he would have been receiving an annual annuity in the amount of $24,945.43.  PFR File, Tab 1 at 3. She therefore argues that she is entitled to a survivor annuity equal to 55% of this amount, i.e., $13,719.96 per year or $1,143.33 per month.  *Id.*

¶9      We have reviewed OPM's calculation of the appellant's late husband's high-3 average salary based on his Individual Retirement Record and its calculation of the guaranteed minimum annuity pursuant to section 8339(g) and find, as did the administrative judge, that these calculations are correct.  ID at 3. We have further reviewed OPM's calculation of the appellant's survivor annuity, i.e., 55% of $10,387.25 per year with cost of living adjustments through December 2015, and find, as did the administrative judge, that these calculations are likewise correct.  ID at 4.  Although the appellant disagrees with OPM's calculation of her survivor annuity and has provided on review a specific amount that she believes is correct, she has not identified any specific error in OPM's calculations or provided any evidence showing that OPM utilized incorrect rates of pay or dates in its calculations.  PFR File, Tab 1.  Therefore, we find that the administrative judge correctly concluded that the appellant has not demonstrated that OPM erred in calculating her survivor annuity and agree that OPM's reconsideration decision must be affirmed.  ID at 4.

---

benefits.  5 U.S.C. 8332(j)(1); *Hooten v. Office of Personnel Management*, 114 M.S.P.R. 205, ¶ 6 (2010).  Here, the appellant's late husband performed approximately 18 months of military service after December 1956, from January 1, 1957, to June 20, 1958.  IAF, Tab 6 at 47.  There is no indication, however, that he made a service deposit for this period of service.  *Id.* at 14, 19; ID at 2.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                                 _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board
Washington, D.C.